**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-20-0000461**
**09-JUN-2022**
**08:03 AM**
**Dkt. 55 SO**

NO. CAAP-20-0000461

IN THE INTERMEDIATE COURT OF APPEALS
OF THE STATE OF HAWAIʻI

STATE OF HAWAIʻI, Plaintiff-Appellee,
v.
SASHA NARVAEZ, Defendant-Appellant

APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(CASE NO. 1FFC-20-0000149)

SUMMARY DISPOSITION ORDER
(By: Ginoza, Chief Judge, Wadsworth and Nakasone, JJ.)

Defendant-Appellant Sasha Narvaez (**Narvaez**) appeals
from the June 19, 2020 Judgment of Conviction and Sentence;
Notice of Entry, filed by the Family Court of the First Circuit
(**Family Court**).[1]

Narvaez was convicted of Harassment, in violation of
Hawaii Revised Statutes (**HRS**) § 711-1106(1)(a).[2]

On appeal, Narvaez concedes there was substantial
evidence that she subjected the complaining witness, Narvaez's

---

[1] The Honorable Linda S. Martell presided.

[2] HRS § 711-1106(1)(a) (2014) states:

**§711-1106 Harassment.** (1) A person commits the offense of
harassment if, with intent to harass, annoy, or alarm any
other person, that person:

(a) Strikes, shoves, kicks, or otherwise touches
another person in an offensive manner or subjects the other
person to offensive physical contact . . . .

husband Antonio Narvaez (**Antonio**), to offensive physical contact and she had an intent to cause bodily injury sufficient to prove uncharged offenses; however, she contends there was not substantial evidence that she acted with the intent to harass, annoy, or alarm him to prove the charged offense of Harassment.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised, we resolve Narvaez's point of error as follows, and affirm.

When the evidence adduced at trial is considered in the strongest light for the prosecution, State v. Matavale, 115 Hawaiʻi 149, 157-58, 166 P.3d 322, 330-31 (2007), there was substantial evidence to convict Narvaez of Harassment.

Narvaez and Antonio were estranged at the time of the incident. Narvaez was drinking cocktails with her sister when her sister informed her that Antonio had propositioned her sister in the past. Narvaez felt betrayed and drove to the residence she formerly shared with Antonio. She let herself into the residence and confronted Antonio in his room and yelled at him. Narvaez admitted she stated to the police "I came here to try and beat the fuck out of him while he was sleeping," but testified "That wasn't my intention." Narvaez testified she was only trying to talk to Antonio by going to the house and did not touch him.

Antonio testified Narvaez was upset when she arrived at the house and raised her voice. Antonio's testimony was inconsistent, stating Narvaez hit him, he allowed Narvaez to hit him, and that Narvaez did not make physical contact with him. However, Antonio admitted that he wrote in his statement to the police that Narvaez punched him.

Officer Daniel Cunningham (**Officer Cunningham**) testified he observed Antonio write a statement and did not force him to write a statement. He also stated Narvaez appeared intoxicated because a very strong odor of an alcoholic beverage was coming from her. Narvaez told the officer she came over

there to "beat [Antonio] the fuck up while he was sleeping;" Narvaez was upset and said that Antonio hit on her sister.

Officer Kaimanu Pine (**Officer Pine**) testified Antonio indicated he felt pain on his head, chest and mid-torso areas after being struck by Narvaez.

The Family Court found the testimony by Antonio and Narvaez to be partially credible and the testimony by the officers to be credible.  "It is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of the evidence; this is the province of the trier of fact."  State v. Mattiello, 90 Hawaiʻi 255, 259, 978 P.2d 693, 697 (1999) (internal quotation marks, citations, and brackets omitted; block quote format changed).

Narvaez drove to Antonio's house, let herself in, and confronted Antonio with a raised voice while she was upset. Narvaez also admitted she drank cocktails prior to the encounter and was observed to have a very strong odor of an alcoholic beverage coming from her by the police after the incident.  On appeal, she concedes she then made offensive physical contact with Antonio.  Based on the circumstantial evidence and reasonable inferences arising from Narvaez's conduct, see State v. Stocker, 90 Hawaiʻi 85, 92, 976 P.2d 399, 406 (1999), there was substantial evidence Narvaez acted with intent to harass, annoy, or alarm Antonio when she made offensive physical contact with him.  State v. Pesentheiner, 95 Hawaiʻi 290, 298-99, 22 P.3d 86, 94-95 (App. 2001), cert. denied, May 4, 2001 (substantial evidence of intent to harass, annoy, or alarm officer when disgruntled defendant with a strong odor of alcohol started yelling, raised his hands, and swung at head area of an officer knocking off his hat).[3]

---

[3]     Narvaez incorrectly relies on State v. Leung, 79 Hawaiʻi 538, 904 P.2d 552 (App. 1995), to argue that because she was not charged with Assault in the Third Degree or Abuse of a Family or Household Member, she cannot be convicted of Harassment since her statement that she wanted "to fuck him up while sleeping," demonstrated her intent to cause physical pain, and not to harass, annoy, or alarm Antonio.  Leung does not stand for the proposition that a defendant's conduct cannot be used to satisfy an element of the charged
(continued...)

For the foregoing reasons, the June 19, 2020 Judgment of Conviction and Sentence; Notice of Entry, filed by the Family Court of the First Circuit, is affirmed.

DATED: Honolulu, Hawaiʻi, June 9, 2022.

On the briefs:

William H. Jameson, Jr.
for Defendant-Appellant

Donn Fudo
Deputy Prosecuting Attorney
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Clyde J. Wadsworth
Associate Judge

/s/ Karen T. Nakasone
Associate Judge

---

[3](...continued)
offense because it might also satisfy another element of an uncharged offense. It is the province of the family court, as the factfinder, to weigh the evidence, and draw reasonable inferences to determine whether the requisite intent to harass, annoy or alarm was proven, and the Family Court did so in this case. See Mattiello, 90 Hawaiʻi at 259, 978 P.2d at 697.